**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 12-4985**

───────────

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

DARRITH LAVON BEALL,

             Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Patrick Michael Duffy, Senior District Judge.  (2:09-cr-00900-PMD-1)

───────────

Submitted:  June 17, 2013            Decided:  July 9, 2013

───────────

Before AGEE, WYNN, and FLOYD, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Ann Briks Walsh, Assistant Federal Public Defender, Charleston, South Carolina, for Appellant.  Matthew J. Modica, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darrith Lavon Beall pled guilty to possession with intent to distribute five grams or more of cocaine base, in violation of 21 U.S.C.A. § 841(a)(1) (West 2006 & Supp. 2013), and was sentenced to 151 months' imprisonment. The district court later construed Beall's 18 U.S.C. § 3582(c)(2) (2006) motion for reduction of sentence as a 28 U.S.C.A. § 2255 (West Supp. 2013) motion, calculated his Guidelines range under the U.S. Sentencing Guidelines Manual (2011) at 151 to 188 months' imprisonment, granted Beall § 2255 relief, and, after imposing a downward variance, sentenced him to 139 months' imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating there are no meritorious issues for appeal, but questioning whether the 139-month sentence is reasonable. Beall was informed of his right to file a pro se supplemental brief, but he has not done so. The Government declined to file a responsive brief.[*] We affirm.

We review the 139-month sentence for reasonableness under a "deferential abuse-of-discretion standard." Gall v.

---

[*] We note that the Government also did not file a cross-appeal to challenge the lawfulness of the district court's decision to impose the 139-month sentence. Therefore, any alleged error in this regard may not be addressed on appeal. Greenlaw v. United States, 554 U.S. 237, 243-53 (2008).

2

United States, 552 U.S. 38, 41, 51 (2007). This abuse-of-discretion standard involves two steps; under the first, we examine the sentence for significant procedural errors, and under the second, we review the substance of the sentence. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (examining Gall, 552 U.S. at 50-51). When the district court imposes a variant sentence, we consider "whether the . . . court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007).

We conclude after review of the record that the district court did not abuse its discretion in imposing the 139-month sentence. The court properly calculated Beall's Guidelines range and heard argument from counsel for both parties and allocution from Beall. The court imposed the 139-month sentence after considering relevant sentencing factors under 18 U.S.C. § 3553(a) (2006) and explaining that a downward variance was warranted in light of Beall's rehabilitation efforts while incarcerated. Further, counsel does not suggest - and review of the record does not reveal any basis for concluding - that the sentence is substantively unreasonable.

Additionally, in accordance with <u>Anders</u>, we have reviewed the remainder of the record and have found no meritorious issues for review. We therefore affirm the district court's amended judgment. This court requires that counsel inform Beall, in writing, of the right to petition the Supreme Court of the United States for further review. If Beall requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Beall.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>